FILED
10/08/2025
*Sara Smith*
CLERK
Flathead County District Court
STATE OF MONTANA
By: Haylee Johnson
DV-15-2025-0001562-NE
Ulbricht, Heidi J
1.00

Matthew I. Sack
SACK LAW PLLC
1700 W Koch, Ste 4
Bozeman, MT 59715
P 406-587-3736
F 406-582-4482
Email: matt@sacklawpllc.com
*Attorney for Plaintiff*

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT
## FLATHEAD COUNTY

| | | |
|---|---|---|
| AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS a/s/o Show Me Kalispell, LLC d/b/a Springhill Suites by Marriot Kalispell | ) ) ) ) | Cause No.: |
| Plaintiff, | ) ) ) | **COMPLAINT** |
| vs. | ) ) | |
| UPONOR, INC. an Illinois corporation and UPONOR NORTH AMERICA, INC., a Delaware corporation, | ) ) ) | |
| Defendants. | | |

NOW COMES the Plaintiff, American Hallmark Insurance Company of Texas, as subrogee of Show Me Kalispell, LLC d/b/a Springhill Suites by Marriot Kalispell (hereinafter "Plaintiff" or "Hallmark"), and for its cause of action against Defendant, Uponor, Inc. and Uponor North America, Inc. (hereinafter "Defendants"), states as follows:

### PARTIES

1.      At all times relevant, Hallmark was and is a Texas corporation with its principal place of business at 5400 Lyndon B. Johnson Freeway, Suite 400, Dallas, Texas 75240.   At all times relevant, Hallmark was and is licensed to issue insurance in the State of Montana.

**COMPLAINT**                                                                                                   **Page 1 of 4**

2.      At all times relevant, Plaintiff provided insurance to Show Me Kalispell, LLC d/b/a Springhill Suites by Marriot Kalispell ("Subrogor" or "Show Me Kalispell") in connection with its business operations.

3.      At all times relevant, Show Me Kalispell, LLC, d/b/a Springhill Suites by Marriot Kalispell is a Montana limited liability company with its principal place of business in Kalispell, Montana.

4.      Upon information and belief, Defendant Uponor, Inc. is a corporation organized and existing under the laws of Illinois, with its principal place of business at 5925 148th Street West, Apple Valley, Minnesota 55124, and registered agent at 8300 Norman Center Drive, Suite 1000, Minnesota, 55437-1060.

5.      Upon information and belief, Defendant Uponor North America, Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business at 5925 148th Street West, Apple Valley, Minnesota 55124, and registered agent at 8300 Norman Center Drive, Suite 1000, Minnesota, 55437-1060.

6.      At all times relevant, Defendants were engaged in the business of designing, manufacturing, marketing, distributing, and selling plumbing products, including flow-through multiport tee manifolds, throughout the United States, including Montana.

7.      In the wake of the incident described below, as a result of claims made on said policy, which were paid pursuant thereto, Plaintiff became subrogated to certain recovery rights and interests of Show Me Kalispell, the Subrogor (i.e. for monies paid per the policy), including the claims asserted in this action.

**COMPLAINT**                                                                                    **Page 2 of 4**

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this matter and the parties in this action pursuant to Mont. Code Annotated Section 3-5-301 et seq.

9.      Venue is proper in Montana's Eleventh Judicial District, Flathead County, because this is the county in which the incident took place.

10.     Defendants conduct substantial business in Montana and/or has sufficient minimum contacts with Montana to satisfy due process requirements for personal jurisdiction.

## FACTS

11.     Plaintiff re-alleges and incorporates the foregoing paragraphs by reference as though fully set forth herein.

12.     This action arises out of a water discharge/loss event that occurred on or about on or about June 16, 2022 (the "loss"), at Show Me Kalispell property located at 250 Old Reserve, Kalispell, Montana 59901 ("Property"). Show Me Kalispell owns and operates hotels, at the property and Hallmark insured Show Me Kalispell's real and business personal property.

13.     The water loss originated from the ceiling above the bathroom wall in room 317 at the Property.

14.     It was determined that Defendants were responsible for manufacturing the defective PEX multiport tee manifold (hereinafter "Manifold") at the Subject Property.

15.     The Manifold is composed of a mixing of glass fibers with polysufone in a random arrangement that is manufactured by Solvay.

16.     Solvay specifies that components made from their polysulfone material specifically requires a fillet radius of 0.4 mm to be used to avoid stress concentration problems.

**COMPLAINT**                                                                 **Page 3 of 4**

17.    Defendants designed their manifold with a fillet radius of 0.24 mm, which is 0.16mm less than the recommended minimum radius for Solvay's polysulfone material.

18.    Due to the improper design and angle of the filet radius, the Manifold fractured at the point of the filet radius under normal operation conditions, causing a substantial and uncontrolled discharge of water.

19.    As a result of the improper design, manufacturing, negligence, carelessness and recklessness of Defendants, Show Me Kalispell was caused to incur property damage and business interruption losses.

20.    At all times relevant, Hallmark provided insurance for Show Me Kalispell's property.

21.    Pursuant to the contract of insurance between Hallmark and Show Me Kalispell, Hallmark paid Show Me Kalispell for damage to its property and business interruption, in the amount of Four Hundred Nine Thousand Two Hundred and Ninety-One Dollas and Sixty-Six Cents ($409,291.66).

22.    By operation of the contract of insurance and by virtue of the payments made, Hallmark became legally and equitably subrogated to the rights of Show Me Kalispell for the damage sustained by Show Me Kalispell to the extent of the payments made.

## COUNT 1 – NEGLIGENCE

23.    Plaintiffs incorporate and re-allege each of the paragraphs set forth above as though fully set forth herein.

24.    At all times relevant, Defendants owed Show Me Kalispell a duty of reasonable care in the design, manufacturing, inspection, and testing of the Manifold.

25.     Notwithstanding the aforementioned duties and in breach thereof, Defendants committed one or more of the following negligent acts and / or omissions:

     a.    failing to properly design the Manifolds to withstand normal use conditions;

     b.    failing to use appropriate materials and manufacturing processes;

     c.    failing to adhere to the specifications of the manufacturer of the material;

     c.    failing to conduct adequate quality control testing;

     d.    failing to inspect the Manifolds for defects prior to sale; and/or

     e.    failing to warn of know or reasonably discoverable defects.

26.     As a direct and proximate cause of Defendants' negligence, Show Me Kalispell suffered significant economic and property damage in the form of damage to its personal property.

27.     Having made damage-related payments to its Subrogor pursuant to the terms and conditions of the aforementioned policy, Hallmark became subrogated to recovery on damages-related claims against Defendants, i.e. the claims asserted herein.

## COUNT 2 – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

28.     The Plaintiff restates and re-alleges each and every allegation contained in the foregoing Paragraphs as though fully set forth herein.

29.     Defendants impliedly warranted that the Manifold was fit for the particular purpose of serving as plumbing manifolds in a commercial hotel building.

30.     The Manifold was not fit for such particular purpose.

31.    Show Me Kalispell reasonably relied on Defendants' implied warranty of fitness for a particular purpose.

32.    As a result of Defendants' breach of the implied warranty of fitness for a particular purpose, Show Me Kalispell has suffered extensive damages, including damage to the Subject Property and other incidental and consequential damages, all to be proved at trial.

33.    As a direct and proximate result of Defendants' breach of their duties owed, the Insured incurred damages, for which the Plaintiff was required to pay in accordance with the insurance policy, and did in fact pay for, which the Plaintiff now makes claim.

## COUNT 2 – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

34.    The Plaintiff restates and re-alleges each and every allegation contained in the foregoing Paragraphs as though fully set forth herein.

35.    Defendants impliedly warranted that the Manifold was of merchantable quality and fit for the ordinary purpose for which such goods are sued.

36.    The Manifold was not of merchantable quality and was not fit for their ordinary purpose as a plumbing component in a commercial building.

31.    Defendants breached the implied warranty of merchantability.

32.    Show Me Kalispell reasonably relied on the implied warranty of merchantability.

32..    As a result of Defendants' breach of the implied warranty of merchantability, the Show Me Kalispell has suffered extensive damages, including damage to the Subject Property and other incidental and consequential damages, all to be proved at trial.

28.     As a direct and proximate result of Defendants' breach of their duties owed, the Insured incurred damages, for which the Plaintiff was required to pay in accordance with the insurance policy, and did in fact pay for, which the Plaintiff now makes claim.

WHEREFORE, American Hallmark Insurance Company of Texas, as subrogee of Show Me Kalispell, LLC d/b/a Springhill Suites by Marriot Kalispell, prays that this Court enter judgment in its favor and against Defendant Uponor in the amount of $409,291.66, in addition to any other relief this Court deems just and proper.

DATED this 8th day of October, 2025.

By: /s/  Matthew I. Sack
MATTHEW I. SACK
Attorney for Plaintiff

**COMPLAINT**                                                                                          **Page 7 of 4**